BABCOCK vs. MALBIE.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioner states that the defendant, by a letter dated in Alabama, March 19, 1825, delivered to E. P. Anderson, one of the firm of Farris & Anderson, who was then setting out for New-Orleans, requested Banks Miller and Kincaid to become responsible for the bearer, promising to guarantee them for any *commitments* they might make to the extent of $1500. That the said Anderson afterwards arrived in New-Orleans, purchased goods from the petitioner, and delivered to him a bill of exchange on Banks, Miller & Kincaid, which they accepted, but failed to pay. By reason whereof the defendant has become responsible to the petitioner.

The general issue was pleaded. The action was commenced by attachment, and third parties intervened, claiming the property as theirs. The court was of opinion the claim was well supported, and gave judgment the suit should be dismissed.

If the court was right in its judgment, it is unnecessary to examine whether the plaintiffs

Eastern Dist.
*June*, 1828.

Creditors can no longer attach the property of the debtor, when he has lost all control over it, and cannot change its destination.

7NS 137
112 713

EasternDist. have or not a good cause of action. If the de-
June, 1828. fendant was not properly before the court,
BABCOCK there can be no enquiry into his responsibility·
vs.
MALBIE.
    The defendant, a resident of Alabama, was
indebted to a house in New-York, who for-
warded their claim to an agent there for col-
lection. He received an obligation from de-
fendant of one Tucker for $2400, to be col-
lected and applied to the payment of the claim.
By the terms of this obligation, it might be dis-
charged in cotton at 7 cents per lb. The agent
not having at that time any authority to receive
cotton for his principal, agreed with defendant
that, if Tucker would pay a part or the whole
of his obligation in cotton, it should be ship-
ped to New-Orleans or New-York at the op-
tion of Sheller and King, at the risk of Malbie.

    Malbie, some months afterwards, informed
the agent that Tucker was ready to deliver
cotton, which Malbie by the instruction of the
agent received, and took a bill of lading in his
name for the delivery of the cotton to B. Story
of New-Orleans. The agent forwarded the
bill of lading to Story, with directions to hold
the goods subject to the order of Sheller and
King. Story received the bill of lading and
the cotton before the service of the attachment,

and insured it; but before he could find an opportunity of shipping it, the attachment was laid.

The authority of the agent to enter into an agreement to receive cotton on account of his principals in New-York has been contested. But though that authority did not exist when the contract was made, it appears to have been given before the cotton was delivered, and that is sufficient.

The case then is almost precisely that of *Canfield* vs. *McLaughlin*, reported in 9th Martin, except that in this instance the cotton was actually delivered to the persons to whom it was shipped, or to their agent which is the same thing, before the attachment was levied. The interveners were the agents of the owner to sell the cotton, and apply the proceeds to his credit. As such they had a lien on it for their advances, and the balance of the general account. The owner could not have taken it out of their hands, and his creditors cannot. We think the rule on this subject was correctly laid down in *Armory* vs. *Cockburn*, that where the owner of the property has lost all power over it, and cannot change its destination, the creditors cannot attach. 4 *n.* s, **669** **9**, *Mart.* 316.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed, with costs.

*Smith* for the plaintiff—*Morse* for the intervening claimant.